**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02427-TC

———————

KARLYNN BEERMAN, ET AL.,

*Plaintiffs*

v.

HONEYWELL INT'L, INC., ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Plaintiffs Karlynn Beerman and Mike Burgin sued Defendant Honeywell International, Inc., Doc. 1-1, alleging that Honeywell's product—an autopilot that digitally controls flights—caused Dr. Martin Beerman's, M.D. death. Honeywell moved to dismiss. Doc. 21. For the following reasons, Honeywell's motion is granted in part and denied in part.

**I**

**A**

A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks

whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 332 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation with multiple defendants).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted); *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

This dispute requires consideration of what is, in effect, an affirmative dismiss. At the pleading stage, the defendant bears the burden of pleading affirmative defenses. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A plaintiff need not anticipate those defenses in the complaint to survive a motion to dismiss. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298–99 (10th Cir. 2018). Sometimes, however, it is appropriate to dismiss a case based on an affirmative defense that the allegations in the complaint establish that the action is precluded, such as if the facts alleged establish that the cause of action is time barred. *Id.* But this is only appropriate "when the dates given in the complaint make clear that the right sued upon has been extin-

guished." *Schell v. Chief Just. and Justs. of Okla. Sup. Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The mere absence of pertinent dates does not make it clear, on the pleading's face, that a statutory time bar has extinguished a cause of action. *See Bistline v. Parker*, 918 F.3d 849, 888–89 (10th Cir. 2019).

## B

Dr. Beerman, M.D., who was piloting his airplane, died in a plane crash in 2021. Doc. 1-1 ¶ 1. As he was starting the plane's descent, it dove from 4.5 degrees nose-down to 31.5 degrees nose-down. *Id.* ¶¶ 31, 34. Then, it crashed, killing Dr. Beerman. *Id.* ¶¶ 1, 35. Plaintiffs Karlynn Beerman and Mike Burgin—Dr. Beerman's surviving spouse and the executor of his estate—allege that Honeywell is liable for Plaintiffs' injuries and death under negligence, strict product liability, failure-to-warn, and breach of warranty theories. Doc. 1-1. In particular, Plaintiffs allege that defects in the plane's autopilot caused Dr. Beerman's death. *Id.* ¶¶ 36–82.

The autopilot in Dr. Beerman's plane was the KFC325 Digital Flight Control System, which Honeywell manufactured. *Id.* ¶ 27. The Petition does not specify when the plane, autopilot, or any of the autopilot's sub-parts were manufactured or first delivered to their initial purchaser.[1] In fact, the only pertinent date specified in the Petition is January 4, 2016. *Id.* ¶ 28. On that day, which is five years before Dr. Beerman died on August 20, 2021, Plaintiffs contend that the KCP 220 Flight Computer, a component of the autopilot, was "inspected, repaired, and replaced" by Capital Avionics, Honeywell's "subcontractor and/or agent." *Id.*

The service report, which Plaintiffs attached to the Petition, indicates that Capital Avionics received the KCP 220 Flight Computer on January 4, 2016, and finished repairing it on January 20, 2016. Doc. 1-5. That report shows that the KCP 220 Flight Computer was modified, and certain sub-components were replaced or installed during that time by Capital Avionics or Honeywell. *Id.* But neither the

---

[1] Plaintiffs originally filed this action in Kansas state court, and Defendants removed. Doc. 1-1. Kansas state courts refer to the Plaintiff's initial filing in a lawsuit as a "Petition," rather than a Complaint. Kan. Stat. Ann. § 60-203(a).

Petition nor the service report attached to it details the extent of these modifications, replacements, or installations.

Honeywell moved to dismiss Plaintiffs' claims, primarily arguing that federal and state statutes of repose bar Plaintiffs' claims.[2] Doc. 21 at 4–9. Honeywell also moved to dismiss Plaintiffs' *res ipsa loquitur* claim to the extent that Plaintiffs bring it as a separate cause of action to their negligence claim, which Plaintiffs do not dispute.[3] Doc. 21 at 11–12. Otherwise, Plaintiffs oppose Honeywell's motion to dismiss. Doc. 31.

## II

Honeywell argues that the passage of time has extinguished Plaintiffs' claims, citing both a federal and state statute of repose. But reliance on repose, at this stage of the proceedings, fails because it is not clear from Plaintiffs' Petition that either statute of repose extinguishes Plaintiffs' claims. As a result, Honeywell's motion to dismiss is denied.

### A

Honeywell identifies two statutes of repose, one arising under federal law and the other under Kansas law. Before addressing either, it is helpful to contextualize what a statute of repose is and how it works.

A statute of repose imposes a time limit on a civil action based on when a defendant's conduct occurred—for example, when the defendant designed or manufactured a product. *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014); *Nat'l Credit Union Admin. Bd. v. Barclays Cap. Inc.*, 785 F.3d 387, 393–94 (10th Cir. 2015). The passage of time extinguishes the cause of action entirely, serving as "an absolute bar on a defendant's temporal liability." *CTS Corp.*, 573 U.S. at 8. Unlike statutes of limitations, which aim to encourage "diligent prosecution of

---

[2] Honeywell also moved to dismiss the defendants Honeywell Aerospace; Honeywell Aerospace, Engine & Systems; and BendixKing as improper parties because they lack capacity to be sued. Doc. 21 at 10–11. These parties have been subsequently terminated. Doc. 42 n.1. Accordingly, Honeywell's request to dismiss the parties as improper defendants is moot.

[3] In this respect only, Honeywell's motion is GRANTED as unopposed.

known claims," statutes of repose are designed to protect defendants from liability after a specified amount of time, regardless of when an injury occurred or a claim accrued. *Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 504–05 (2017); *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1156 (10th Cir. 2023). Like a statute of limitations, however, the defendant has the burden to raise a statute of repose as an affirmative defense. *Koch v. Shell Oil Co.*, 52 F.3d 878, 880 (10th Cir. 1995); *see also Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009).

The federal statute of repose Honeywell identifies is the General Aviation Revitalization Act (GARA). It is an eighteen-year statute of repose that bars claims against general aviation aircraft manufacturers for damages related to aircraft accidents. 49 U.S.C. § 40101 note, § 2(a); *U.S. Aviation Underwriters Inc. v. Nabtesco Corp.*, 697 F.3d 1092, 1095 (9th Cir. 2012)[4]. The clock starts when the manufacturer delivers the aircraft or its component to its original purchaser or lessee or "to a person engaged in the business of selling or leasing such aircraft." 49 U.S.C. § 40101 note, § 2(a)(1); *Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008). GARA also includes a "rolling" provision that restarts the clock with respect to "any new [part] which replaced another [part] originally in, or which was added to, the aircraft" if that part caused the alleged damages. 49 U.S.C. § 40101 note, § 2(a)(2); *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 341 (6th Cir. 2013).

Even if GARA does not bar Plaintiffs' claims, Honeywell contends Kansas law does. Doc. 21 at 8–9. K.S.A. § 60-3303 creates a statute of repose that bars plaintiffs from bringing product liability claims after a product's "useful sale life" expires. *See Harding v. K.C. Wall Prods., Inc.*, 831 P.2d 958, 962–63 (Kan. 1992). Unlike GARA, Kansas's statute does not specify the exact date when the claims it encompasses extinguish. It does, however, create a rebuttable presumption that a product's useful sale life has expired "[i]n claims that involve harm caused more than 10 years after time of delivery." Kan. Stat. Ann. § 60-3303(b)(1). To rebut this presumption, the plaintiff must show, by clear and convincing evidence, that the useful sale life did not expire when the product's life reached ten years. *Id.* § 60-

---

[4] Neither the Supreme Court nor the Tenth Circuit has interpreted GARA's repose provision.

5

3303(b)(1); *Strunk v. Lear Siegler, Inc.*, 844 F. Supp. 1466, 1468–69 (D. Kan. 1994).

The Kansas statute includes examples of evidence that is "especially probative" when determining a product's useful sale life or when considering if a product's useful sale life overcomes the ten-year presumption. *Id.* § 60-3303(a)(1); *Baumann v. Excel Indus., Inc.*, 845 P.2d 65, 72 (Kan. Ct. App. 1993). This evidence includes "[t]he amount of wear and tear to which the product had been subject," "the normal practices of the user, similar users, and the product seller . . . with respect to repairs, renewals, and replacements," and "any modification or alteration of the product by a user or third party." Kan. Stat. Ann. § 60-3303(a)(1)(A), (C), (E); *Baumann*, 845 P.2d at 72.

**B**

Honeywell's repose argument depends on facts allegedly supported by the documents they attach to their Rule 12 motion. Doc. 21 at 7-9 (pointing to attachments reflecting Honeywell's manufacturing, service, and warranty records in its possession); Doc. 32 at 2-4. The general rule for a 12(b)(6) motion is that matters outside the pleadings may not be considered when evaluating whether a claim has been stated unless that material is incorporated by reference or attached to the complaint and is indisputably authentic. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Otherwise, the motion should be converted to one for summary judgment with appropriate notice to the parties. *See* Fed. R. Civ. P. 12(h).

Only the Petition and the single document attached to it will be considered for purposes of this Rule 12 motion. In particular, the attached document is a January 4, 2016 work order concerning Capital Avionics and Honeywell. Doc. 1-5. The Petition does not refer to or incorporate by reference anything else, including the materials on which Honeywell's affirmative defense depends. As a result, all other materials will be ignored for purposes of resolving Honeywell's Rule 12(b)(6) motion.[5] *See, e.g.*, *Brokers' Choice*, 861 F.3d at 1103–04; *Scan*

---

[5] The parties spend significant time arguing about what the contents of the documents they each attach to their respective pleadings show. Doc. 31 at 11–13; Doc. 32 at 4. That dispute is moot in light of the refusal to consider any additional documents at this stage of the proceedings.

*Top Enter. Co. v. Larson*, No. 14-2514, 2015 WL 1440670 (D. Kan. 2015) (declining to treat motion to dismiss alleging the plaintiff's claim was time-barred as a summary judgment motion when both parties presented materials outside the pleadings because unsettled factual disputes existed regarding whether the limitations period had run).

Without the extraneous evidence, Honeywell has not established that either statute of repose precludes the claims. In particular, it is impossible to determine from the face of the Petition when either statute's repose period began and consequently, whether or if it expired. The reason is simple: the Petition does not include dates that "make clear that the right sued upon has been extinguished." *See Schell v. Chief Just. and Justs. of Okla. Sup. Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). It has no mention of when Honeywell initially delivered the aircraft, the autopilot, or the autopilot's sub-components to their first purchaser. While it may be that the facts ultimately support Honeywell's repose defense, those facts are not currently pled and it would be error to dismiss a claim based on them at this stage of the proceedings. *Bistline v. Parker*, 918 F.3d 849, 888–89 (10th Cir. 2019) (reversing dismissal where the plaintiffs did not plead any dates establishing on the face of the complaint that the claim was time-barred).

### III

For the foregoing reasons, Honeywell's Motion to Dismiss, Doc. 21, is GRANTED in part and DENIED in part.

It is so ordered.

Date: September 30, 2024          _s/ Toby Crouse_
                                  Toby Crouse
                                  United States District Judge